Plaintiff is an extremely heavy person. It is normal for her to have pain in her legs. She has had them on other occasions. However, in the law of Workers' Compensation as in tort law in North Carolina, you take your plaintiff as you find her. Thus, all of the smokescreen concerning prior pain, a prior traffic accident, and possible degenerative conditions are merely that: a smokescreen thrown up by a desperate defendant. They are not material or relevant to decision in this case.
Fact: Plaintiff was injured on the job. Even the majority must acknowledge that. Plaintiff testified to it and her treating physician, Dr. Robert S. Humble, confirmed it in his deposition. However the majority finds that there was no injury by accident, reciting "facts" showing that plaintiff was merely doing her usual job in the usual way.
But what about Dr. Humble's deposition testimony: "She told me at that time she was working, taking some pans off the conveyor belt I believe, and slipped on some flour on the floor at work, and twisted her right knee. And she was first seen I believe at Pro-Med on a work related injury. And then they felt it was more involved and sent her on for our evaluation." There is nothing in the record to contradict this testimony, and Commissioners have as much right to make credibility calls on deposition testimony as do Deputy Commissioners, since neither actually witness the taking of the deposition.
And plaintiff's testimony is not that she was doing her same job in the same old way. True, she was working as a "break" person, a worker who fills in for other workers while they are on their break. On the date of the work-related injury by accident within the course and scope of her work, 22 August 1994, she was filling in for the dough machine monitor, whose job is to ensure that the pans are filled up with buns before they go into the proof box. The usual thing for the dough machine monitor to do is to place a pan or two on the line when there is a gap in the string of pans coming down the line. However, on this occasion, there wasn't just a gap, there was a complete string with no pans. When she saw the machine had jammed, she turned real fast trying to get over there, and that's when she felt her knee pop. When she turned real fast and her foot slipped on the flour covered floor.
This constitutes an injury by accident under our law and plaintiff is entitled to Workers' Compensation.
This 8th day of July, 1997.
 S/ _____________ THOMAS J. BOLCH COMMISSIONER